Good morning your honors and may it please the court I would like to reserve five minutes for rebuttal. Appellants are landowners of property located in Ras Nura Saudi Arabia where one of the largest oil refineries in the world is located today. This land is specifically identified in Article 2 of a 1933 oil concession agreement that was entered into between the Kingdom of Saudi Arabia and SoCal, present-day Chevron. In 1949 the Kingdom of Saudi Arabia by royal decree of the King of Saudi Arabia himself King Abdul Aziz Al Suud deeded these concession lands and recorded the use and occupation of these concession lands for the purpose of the 1933 concession agreement. Pursuant to Article 25 of the concession agreement Chevron was to pay the landowners for unpaid rents for the use and occupation of the land for a period of 60 years under the I'm sorry. Counselor, may I ask you a question? Yes. What it was the effect of Aramco's assets being nationalized by the Saudi government that Aramco ceased to exist after 1990? That issue is being litigated in the Texas court for the Southern District of Texas in Houston presently your honor but to answer that question specifically at least at this time it's important to consider the fact that the land that we're discussing here was deeded by royal decree of the King himself. So was it nationalized or not? This land has not been nationalized. Yeah it has not been nationalized because it was issued by a royal decree of the King of Saudi Arabia himself. As I mentioned your honors the landowners pursuant to Article 31 of the concession agreement which contains the agreement to arbitrate initiated arbitration proceedings against Chevron and its entities for the unpaid rents for the continued use and occupation of their lands beyond the concession period. Pursuant to Article 32 of the concession agreement the landowners named Chevron as a party to the arbitration because that section holds Chevron remains contractually liable for occupation of the lands by Chevron entities. On June 3rd 2015 a panel of Egyptian arbitrators issued a unanimous arbitration award in favor of the landowners and against Chevron and Chevron entities ordering Chevron to pay for the continued use and occupation of the land. On June 1st 2018 appellants went ahead and moved forward in filing a petition for confirmation and arbitral award. Thereafter the Chevron moved forward in filing a 12b1 motion a motion for a lack of subject matter jurisdiction. The court on September 24th 2019 granted Chevron's motion for subject granting Chevron's motion for a lack of subject matter jurisdiction. I think it's very important that I represent to the court that the order that is before the court is that's not just the issue the only order before the court is an order of dismissal for a lack of subject matter jurisdiction. District Court in this case did not make any ruling on the merits of the case the only rulings that it did make was in relation to the whether the court had subject matter jurisdiction. Now we understand that this go ahead your honor we're gonna say something I apologize so I'll continue so the only order this before the court is a relation to that order is erroneous in itself because as the New York Convention which is an international treaty that Saudi Arabia Egypt and the United States are all a member of it says that the court shall under 9 U.S.C. 203 the District Court shall have original jurisdiction and also under 28 U.S.C. 1331 this court is well aware that treaties that involve other countries that the District Courts shall have jurisdiction in relation to the dispositions on these matters. Now the District Court it's our position erred in the fact that it did not abide by 9 U.S.C. 207 where it shall confirm an arbitral award. Instead it used a article 2 analysis for the purposes of depriving itself of subject matter jurisdiction and this is where specifically we find that the lower court erred because it relied on Yang versus Majestic New Fisheries a 9th Circuit Court case that has nothing to do with subject matter jurisdiction in fact that case only dealt with a motion to compel arbitration and the court in that case did an analysis to determine whether the parties that were involved in that case had signed the agreement to arbitrate. This court ruled that because they were not signatories to that arbitration agreement that they did not have a basis to compel arbitration as a result of that. As of June 1st 2020 the U.S. Supreme Court has just issued an opinion in GE Energy Power versus Okonopo that basically as I understand it overrules the Yang decision and finds that non-signatories to a arbitration agreement have standing to go ahead and compel an arbitrate an agreement to arbitrate. Counsel may I ask suppose that we agreed that we agree with you that the the district court was wrong to view this as an issue of jurisdiction but that we also thought the district court was right to think that you haven't shown the existence of a binding agreement between you and the parties and therefore the dismissal should have been on the merits for failure to state a claim rather than for lack of jurisdiction. Would there be any practical difference does it matter to the parties whether the if we think that there should be a dismissal on the merits rather than for lack of jurisdiction would that make a difference to anyone? Yes your honor because specifically in GE Energy I mean the Steelco versus the Steelco case that we cited we basic the U.S. Supreme Court has held that courts shall not engage in hypothetical jurisdictions and this is specifically with the September 24th 2019 court order does it says if we have jurisdiction this is what we would find but the problem also with that is that the the the merits issue of the case are flawed in themselves I but before I even get to that I would address the issue is that the agreement to arbitrate between the parties the court made a determination that it lacked that there was no the 1949 lease agreement between the landowners and or Aramco did not somehow incorporate specifically the arbitration or the agreement to arbitrate that's contained in the 1933 concession agreement and as a basis for that it relied on Shaw versus Regents of University of California a California case to say that you need to specifically incorporate the agreement to arbitrate we know that I'm reading that that case that the court specifically error because the language of the Shaw versus Regents case says the contract need not recite that it incorporates another document so long as it guides the reader to the incorporated document and the 1949 deed it references number one the 1933 concession agreement as a whole and says that this is for the adopt a specific section of the concession agreement article 25 that obligates Chevron to continue to pay the landowners for the use and occupation of the land I would also contend your honor that a concession agreement is a right to use the land you can't have a concession agreement without land so basically this land is the subject matter of the 1933 concession agreement without this plan there is no concession so the Chevron today has it continues or through their a ramp or Chevron entities that they've created has continued to use and occupy these lands today and based on that we and the GE energy decision we feel that it was improper for the court to base its analysis on an article 2 I would also mention that the Congress the US Supreme Court has also said that unless a statute unless Congress expressly says that a provision of the statute is jurisdictional the court shall not deprive itself of jurisdiction the court here the the lower court relied on article 2 which does not provide any jurisdictional basis for which the court to deprive itself of subject matter jurisdiction and we believe that it went beyond the the grounds for for for basically depriving itself of subject matter jurisdiction I also think that it's important your honors to address the fact that the the article 4 of the the convention and the what the with the court references as procedural infirmities the court suggests that we did not provide a 1933 Julie certified a copy of the 1933 concession agreement nor did we provide a duly certified copy of the arbitral war this is in fact incorrect the as evidence on the record we specifically provided a copy of both those awards signed by the arbitrators and attested as to their aren't authenticity the the argument was is that the original 1933 concession agreement was written both in Arabic and English but if you read article 4 of the 1933 concession agreement I think it's very important that if you read that it says if the set award agreement is not made in an official language of the country in which the award is relied upon the award relied upon only the so we are strictly in compliance with that section of the article 4 and to the fact that article 4 is and then I also think it's very important that the court took a look at a hypothetical basis as to why you would deprive itself of jurisdiction dealing with the the Constitution of the the arbitral of the New York Convention the very first thing it's this recognition and enforcement of the award may be refused at the request of the party against whom in his vote only if that party furnishes to the competent authority where the recognition enforcement sought proof that the composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties now the problem with what's of course ruling is is that they did an comply with the procedural requirements or that was contained within the the composition of the procedural requirements as contained in the concession agreement but it doesn't go to the second part of D it says or failing such agreement was not in accordance with the law of the country where the arbitration took place the lower court did no analysis whatsoever as to whether we complied with the laws of the country of Egypt as in fact it's odd because Chevron has never challenged this award they have never challenged this arbitration award and more specifically under article 5e of the New York Convention it does not it does not challenge the fact that this award has become binding so to that effect all this nonsense about criminal you know impropriety and so forth that's going on here they never erased in the lower court that the award has not yet become binding on the parties you're down to dance about two minutes do you want to read yes you're all reserve the your honor and may I please the court the district court denied recognition of the sham award for three principal reasons first petitioners have no right to enforce the arbitration clause they rely on and Chevron is not bound by it second the so-called arbitration was administered by an improper institution and an improper situs with improperly selected arbitrators and third the sham award is outside the scope of the arbitration clause both because the no jurisdiction award had already resolved the alleged dispute and because petitioners claims arose only after the concession agreement they rely on had expired relate to land that was nationalized by Saudi Arabia years earlier and don't involve any dispute between the only entities actually referenced in the arbitration clause turning first to the lack of an agreement the district court correctly found that there's no enforceable agreement to arbitrate between the parties petitioners are unquestionably not parties to the 1933 concession agreement and therefore are not entitled to arbitrate under it and in any event Chevron is not bound by the concession agreement as the district court expressly found the record is clear that in December 1933 SoCal Chevron's predecessor assigned away its rights and obligations under the 1933 concession to pay stock later Aramco and Aramco was liquidated and its assets including its whatever interest it had in the concession agreement and the lands related to it were nationalized by Saudi Arabia long before 2005 when petitioners claims for allegedly unpaid rent first began to accrue and Judge Kelly with respect to your question about the land that issue here we explain at page 19 of our brief with citations to the record the Saudi Arabian government has already rejected petitioners claims and determined that this land is possessed by and in their view owned by Saudi Arabia that's of course for our purposes but there's certainly no evidence that Chevron has any relationship to it because it was nationalized by Saudi Arabia long ago petitioners disagree with that claim of to do with Chevron and there's no basis for dragging Chevron into this dispute between petitioners and the kingdom of Saudi Arabia the district court correctly rejected petitioners incorporation by reference argument the purported 1949 deed while it refers to article 25 of the concession agreement says nothing about article 31 the arbitration clause so it falls all far short of the requisite clear and unequivocal expression of intent to Chevron was never a party to the 1949 deed that petitioners rely on so it has no obligations under it petitioners never raised any other purported basis under domestic law for claiming the benefit of the arbitration clause as as non-signatories so the district court correctly rejected their claims they have belatedly tried you use this as a jurisdictional issue on merits issue or well the courts are divided over that your honor the the 11th circuit in the Zarina case said it was jurisdictional the Second Circuit in the Sarhang case says it's not jurisdictional jurisdictional this court hasn't addressed the question I think there's a reasonable basis for thinking that it's jurisdictional because of the unique language of this jurisdictional statute section 203 says that the jurisdiction over convention actions is determined by whether the action falls under the convention so it doesn't use the language that we're used to have a rising under which is of course has been construed to be very broad and it uses this narrower language follow it falls under which the the 11th circuit in the Zarina case said well that means it has to it has to meet the threshold requirements for the convention to apply as set forth in article 4 namely there has to be an award and an agreement to arbitrate within the meaning of the convention but whether it's jurisdictional or not the district court whether and whether it correctly labeled its finding as jurisdictional or not the district court made the requisite findings correctly found that there was no agreement to arbitrate and as the Supreme Court said in Morrison against National Australia Bank whether or not the lower courts were right in labeling an issue jurisdictional it doesn't matter and if they got the answer correct even though it's a merits issue that they mistakenly thought was jurisdictional the proper thing for the appellate court to do is to affirm and that's what we suggest should be done here with respect to the lack of an agreement to arbitrate what I mean you see you emphasize the falls under rather than a rising out of but but 202 says that a an agreement or award falls under the convention if it's rising out of a legal relationship doesn't that seems to lead to the conclusion that you know whereas here there is some you know colorable claim even if ultimately not meritorious that the you know the the claim is based on an agreement that there would at least be jurisdiction over it doesn't it that certainly would be a reasonable reading of the statute as I say because of the unusual language or section 203 and because of the fact that when 202 refers to an agreement to arbitrate and an award within the context of the convention it's reasonable to understand those terms to be referring to an agreement to arbitrate and an award as defined in the convention arguably it leads you back to the same question but it's certainly true the Supreme Court has been narrowing the scope of it's clearly jurisdictional it should be treated as emeritus you so as I say well I think it's a there's a reasonable argument for it to be treated as jurisdictional there's also certainly a reasonable argument for it to be viewed as a merits issue and from our standpoint the result has to be the same either way if there are no more questions on the agreement issue the district court also correctly denied recognition under article 5 1d of the procedure or not in accordance with the alleged agreement to arbitrate and in multiple glaring ways in the first place there was no authority to conduct an arbitration centered in Cairo Egypt because article 31 expressly established the Hague as the default place of arbitration and there was no agreement to the contrary by the parties to the contrary the record is clear supplemental explicitly objected to the jurisdiction of the tribunal to the situs in Egypt and to the lack of due process throughout the proceedings and so there is that week for that reason alone the district court correctly denied recognition furthermore article 31 only permits ad hoc arbitration as the district court found as an agreement to the contrary it did not authorize any institution let alone the IAC in Egypt to administer the arbitration so that was a further violation of the agreed-upon procedures in the arbitration agreement and perhaps most egregiously as the district court found the various arbitral appointments were not in conformity with the plain language of the arbitration agreement a fact that petitioners do not even attempt to dispute they instead point to the IAC's rules but of course the IAC had no authority to administer the arbitration so those rules are irrelevant and in any that even the rule the rules of an agreed-upon arbitral forum can't trump the party's agreements regarding these procedural matters in in polymath to the court so held with respect to venue because of the importance of venue in an international arbitration setting a point also made by the Supreme Court in the Mitsubishi case and the Fourth Circuit held the same in the Cargill case under the Federal Arbitration Act with respect to the procedures for selection of arbitrators so even if there had been an agreement to apply a IAC's rules which there clearly was not still the party's agreement has to be followed with respect to the process for selecting arbitrators it indisputably was not that again is sufficient ground in itself for denial of confirmation or recognition turning to my third point the lack of the fact that the award is officio doctrine the issuance of a no jurisdiction award by the presiding arbitrator exhausted any authority the arbitral panel could possibly have had which of course it had none but even if it somehow hadn't had any authority at all that authority was exhausted by the first award resolving the dispute the no jurisdiction award which correctly said that the panel had no jurors that this dispute was not within the scope of the arbitration clause and therefore the decision in McClatchy the Second Circus decision in trade and transport the fungus officio doctrine means that once the panel has decided the matter they can't then go on and come up with some further or different decision and then finally with respect to scope even if on its own terms the sham award addresses a matter that's not within the scope of article 31 the award describes the subject matter of this arbitration case as quote the ownership of the claimants to the plots of land close quote but the arbitration clause is limited to disputes between Saudi Arabia and the company that is Aramco over the operation of the concession of course no such disputes can possibly exist at this point because the concession basically ceased to exist once it was appropriated by Saudi Arabia in 1990 and certainly has nothing to do with a dispute a dispute over rents for a period arising after the expiration of the concession and in addition of course the arbitration clause that petitioners rely on was limited to disputes between the government and the company that is Aramco so again and it has nothing to do with the dispute asserted here which necessarily falls outside of its scope for all these reasons the record is clear that the award proffered by petitioners was the product of a fatally flawed process that lacked any semblance of fairness justice or the rule of law the district court properly rejected petitioners attempt to foist off this sham award on the courts of the United States and the judgment of the district court should be affirmed Thank You counsel rebuttal thank you your honor at the outset it's important to know that the lack of jurisdiction is de novo if we were to consider this as a denial or of a confirmation of war then we would need to turn to judge Kelly's circuit and look at the case of Argo ARW Exploration Corporation versus a gear and in that particular circuit it says that this court is not if any deference to the legal conclusions made by the lower court in fact in this court in the case Islamic Ministry the 9th Circuit has held that the in assessing whether an award should be granted or not it's the most narrowest known to law specifically here they Chevron raises a number of issues in relations to ownership ownership is not before this court and it raises the issue as to whether the the Hague was a proper venue for the proceedings to take place and we've already cited Supreme Court precedent in relation to Hausman versus Dean Witter that says that the venue is a procedural our procedure relates the procedural arbitrability and that's for the arbitrator to decide many of these issues are concerning by the fact also that Chevron has in their own records if 0 7 2 and 0 7 3 were having ex-party communications with the arbitrators by threatening them with lawsuits and actually initiating a lawsuit against them that was dismissed understandably a judge when threatened with a lawsuit of 77 years old doesn't want to deal with it and withdraw it appropriately and that was handy the one individual that they claim that issued a ward and Chevron's own expert said that that would amount to a dissenting opinion and under the Egyptian arbitration law that does not satisfy a opinion under article 40 of the Egyptian arbitration law and this court is to give complete deference to whether the Egyptian arbitration law was followed and the lower courts have not come back any analysis in relation to that and making any of its finance in relation to article 5d thank you your honor thank you thank you both for your arguments the case just argued will be submitted for decision and we'll proceed with the next case on the oral argument calendar
judges: Kelly, Thomas, Miller